405 So.2d 667 (1981)
Michael E. CORCORAN
v.
PARISH OF JEFFERSON & Director of the Department of Public Utilities.
No. 12076.
Court of Appeal of Louisiana, Fourth Circuit.
October 13, 1981.
Rehearing Denied November 20, 1981.
Nathan Greenberg, Greenberg & Dallam, Gretna, for Michael E. Corcoran plaintiff-appellant.
Hubert A. Vondenstein, Parish Atty., Pierre F. Gaudin, Asst. Parish Atty., Gretna, for Parish of Jefferson & Directors of the Department of Public Utilities defendant-appellee.
Before BOUTALL, CHEHARDY and KLIEBERT, JJ.
BOUTALL, Judge.
This is an appeal from an adjudication of the Jefferson Parish Council that certain lots of real estate owned by Michael E. Corcoran were deficient in grade requiring them to be filled. The issue is whether the owner was afforded due process of law at the hearing.
Jefferson Parish determined that several lots of real estate owned by Michael E. Corcoran were below curb grade and must be filled in accordance with the Jefferson Parish "Lot Fill Ordinance," Section 9-8 of the Jefferson Parish Code of Ordinances. On two prior occasions, some portions of the ordinance had been declared unconstitutional, resulting in the amendment of the ordinance and the bringing of the present proceedings. The parish issued a notice of the deficiency and of a hearing to be held under the following provisions of the ordinance:
"Notice. The Parish of Jefferson shall give the property owners or their agents due notice by registered or certified mail that their property has been inspected and it had been found to be below grade. Said notice shall also include the estimated cost of the work which must be done to bring the property to proper grade.
Hearing. The said notice shall inform the property owner that he must show cause at a meeting of the parish council *668 why the property in question should not be raised to curb grade. The date of the said meeting shall be specified in the notice and shall take place no less than ten (10) days from receipt thereof. At said meeting, the property owner may raise whatever objection he may have to the filling of said property. Said notice shall also inform the property owner that if no objection is raised at the meeting, or if, after a hearing on the matter, the council determines that the property should be raised, the property owner shall be given thirty (30) days to perform the necessary work at his own expense."
At the hearing, Corcoran's attorney attempted to cross-examine the three witnesses produced by the Parish as to the condition of the land, and the Council refused to permit the cross-examination. No other witnesses were produced. The sole issue is whether the property owner is entitled to cross-examination of the Parish's witnesses.
In the case of Tafaro's Investment Company, Inc. v. Division of Housing Improvement, et al, 261 La. 183, 259 So.2d 57 (La. 1972) the Louisiana Supreme Court discussed the difference between the legislative and judicial functions of public bodies stating that when a judicial function is involved, an analogy to judicial process is made and the procedural safeguards developed in the administration of justice must be observed. In that case, it was held that while the ordinance did provide for notice of hearing, the procedure was not followed in such a manner as to satisfy the due process requirements of reasonable notice and adequate hearing. The comparable facts of that case to this case require us to find that there was not an adequate hearing in this case to satisfy the due process requirements.
First, we refer to the Model State Administrative Procedure Act as adopted in LSA-R.S. 49:951 et seq. That act applies to judicatory hearings of the Jefferson Parish Council and Section 955 (C) requires the opportunity to all parties to conduct such cross-examination as may be required for a full and true disclosure of the facts. The action of the Jefferson Parish Council in refusing the right of cross-examination is in violation of that act.
Additionally, counsel for appellant has referred us to authorities which convince us that the denial of right of cross-examination constitutes a denial of constitutionally mandated due process of law. At issue here is a valuable property right, i. e., the right of an owner to use his property as he sees fit, and the requirement of the Parish that he expend a large sum of money, in excess of $17,000.00, in order to fill it to the grade selected by the council is an interference with those rights to somewhat the same degree as condemnation and expropriation cases. We cite with approval the following:
"The right to confront and cross-examine witnesses is a fundamental aspect of procedural due process, and such right applies not only in criminal proceedings, but also in noncriminal proceedings, including administrative or quasi-judicial proceedings. * * *" See 16A Am.Jur.2d, Constitutional Law, § 849, p. 1062 et seq.
A similar principle is approved in the cases of Jenkins v. McKeithen, 395 U.S. 411, 89 S.Ct. 1843 at page 1852, 23 L.Ed.2d 404 (1969), and Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011 at page 1021, 25 L.Ed.2d 287 (1970).
Accordingly, we reverse the judgment appealed from and order this matter remanded for another hearing before the Jefferson Parish Council at which Michael E. Corcoran will be permitted to cross-examine the Parish's witnesses, and for such other proceedings as may be appropriate.
REVERSED AND REMANDED.